IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| TERRENCE M. GORE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 3: 04-CV-1069-H |
| | * | |
| HOMECOMINGS FINANCIAL | * | |
| NETWORK, INC.; WILSHIRE CREDIT | * | |
| CORPORATION; and WILSHIRE | * | |
| FINANCIAL SERVICES GROUP, INC., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants/Counter-Plaintiffs Wilshire Credit Corporation, Wilshire

Financial Services Group, Inc., and Homecomings Financial Network, Inc.'s Motion for Summary

Judgment and Notice of Motion, and supporting brief and appendix, filed September 12, 2005;

Plaintiff's Response to Defendants' Motion, filed September 28, 2005; and Defendants' Reply, filed

October 18, 2005.

Also before the Court are Plaintiff's Motion for Summary Judgment, and supporting brief,

affidavits, and appendix, filed August 19, 2005; Defendants' Response in Opposition to Plaintiff's

Motion for Summary Judgment, and supporting brief and appendix, filed September 6, 2005; and

Plaintiff's Reply, filed September 22, 2005.

For the reasons that follow, Plaintiff's motion is denied, and Defendant's motion for summary

judgment is granted for all of Plaintiff's claims.

I.  Background

On or about February 29, 2000, Plaintiff Terrence M. Gore executed a Home Equity Note that is the subject of this lawsuit.  *See* Defs' Appx. Exh. A ["Note II"].  In conjunction with Note II, Plaintiff executed a notarized Deed of Trust in which he granted a security interest in a certain property at 120 Appian Way, Dallas, TX 75216.  *See* Defs' Appx. Exh. B ["Appian Way Property"].  Defendants are the servicers or holders of Note II.  Aff. of James Shapley, filed September 13, 2005 ["Shapley Aff."].  They claim that on or about October 1, 2001, Plaintiff defaulted on Note II.

On May 18, 2004, this lawsuit was filed by Gore, a "college student, small business owner, and frequent *pro se* and *in forma pauperis* litigant."  *Gore v. Experian Info. Solutions, Inc.*, 132 Fed. Appx. 561, 562 (5th Cir. 2005) (per curiam) (affirming *Gore v. Experian Information Solutions, Inc.*, 2004 WL 1969759 (N.D. Tex. 2004) (granting summary judgment for defendant because plaintiff submitted no evidence in support of his claims)).  On September 8, 2004, the Court dismissed the originally named individual Defendants for lack of personal jurisdiction.  *Gore v. Experian Info. Solutions, Inc.*, 2004 WL 2008520 (N.D. Tex. 2004).  Plaintiff voluntarily dismissed Defendant Experian Information Solutions, Inc., on October 18, 2004.  *See* FED. R. CIV. P. 41(a).  Only the three Defendants bringing this motion remain.

In the required liberal reading of *pro se* Plaintiff's Amended Complaint, filed June 2, 2004, and assisted by the articulation of claims in Plaintiff's motion for summary judgment, the Court finds that Plaintiff alleges the following charges against the remaining three Defendants: (1) violation of the home equity loan provisions of Article 16, § 50(a)(6) of the Texas Constitution; (2) violation of the Texas Collection Practices Act (TCPA), Tex. Rev. Civ. Stat. Ann. art. 5069-11.01; (3) violation of the Texas Debt Collection Practice Act, Tex. Fin. Code § 392; (4) violation of the Federal Debt

2

Collection Practice Act ["FDCPA"], 15 U.S.C. § 1692 *et seq*; (5) violation of the Fair Credit

Reporting Act ["FCRA"], 15 U.S.C. § 1681 *et seq*; (6) violation of the Texas Deceptive Trade

Practice and Consumer Protection Act ["DTPA"], Tex. Bus. & Comm. Code § 17 *et seq*.;

(7) defamation; (8) personal disparagement and injurious falsehood; (9) negligent or willful

misrepresentation; and (10) breach of contract.[1]

On July 12, 2005, Defendants filed an Amended Answer in which they plead affirmative

defenses to each of Plaintiff's causes of action,  as well as counterclaims for Declaratory Judgment

and fraud.  Both parties now move for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate if the pleadings and summary judgment evidence show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law.  Fed. R. Civ. P. 56(c); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888

(1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477

U.S. 317, 323-25 (1986).  The moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue

of material fact, but is not required to negate elements of the nonmoving party's case.  *Lynch Prop.,*

*Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-

25).

---

[1]    Because of the global nature of the summary judgment awarded herein, the Court
notes that the absence of discussion as to whether each or any of Plaintiff's theories state a cause
of action under the statutes cited should not be construed as tacit acknowledgment of validity.

The moving party may meet its initial burden "by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the movant fails to meet its initial burden, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant meets its burden, the nonmovant must go beyond the pleadings and designate specific facts showing that a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998). A party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings unsupported by specific facts presented in affidavits opposing the motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Lujan*, 497 U.S. at 888; *Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995).

With this standard in mind, the Court turns to an analysis of Plaintiff's and Defendants' motions.

### III. Analysis

This case centers on Note II, described above, which was executed on February 29, 2000. Before signing Note II, Plaintiff signed a previous loan agreement with the same lender on February 24, 2000 ["Note I"]. Note II expressly superceded previous agreements. Defs' Appx. Exh. A. Accordingly, Note I was rescinded when Plaintiff signed Note II. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 754 (5th Cir. 1996) (citing Texas cases on parties' return to *status quo ante* after rescission by later agreement). To the extent Plaintiff bases a cause of action on Note I, or on the coexistence of Notes I and II, or on the proximity in time of their execution, those claims are not sustainable.

4

As for Note II, it has been held to be valid, enforceable, and in default by an Order and Final Judgment entered in state court pursuant to summary judgment on September 7, 2004.  *See Gore v. Wilshire Credit Corp.*, Civ. No. 03-02547-G (134th Dist Ct., September 7, 2004) (Defs' Exh. G) ["the Judgment"].  The Judgment quantified the amount Plaintiff owed on Note II, including prejudgment interest; it ordered foreclosure of the Appian Way Property; and it awarded attorney's fees.  *See id.*, order at 2.  Plaintiff's appeal was dismissed for want of prosecution.  *Gore v. Wilshire Credit Corp.*, 2005 WL 1971106 (Tex. App. -- Dallas, August 17, 2005).  Defendants argue that because of entry of the Judgment, Plaintiff's claims based on Note II are precluded under the doctrine of *res judicata*.  The Court agrees.

The rule of *res judicata*, or claim preclusion, is central to the purpose for which civil courts have been established -- the conclusive resolution of disputes within their jurisdiction.  *Montana v. United States*, 440 U.S. 147, 153 (1979).  The finality of *res judicata* applies to all claims brought or which should have been brought in a prior action, regardless of whether they were actually asserted or determined in the prior proceeding.  *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *see Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948) (holding that final judgment binds parties and their privies "not only as to every other matter which was offered . . . but as to any other admissible matter which might have been offered").

In this Circuit, a finding of *res judicata* requires the following:  (1) that the parties are identical (or in privity) in both suits; (2) that a court of competent jurisdiction rendered the prior judgment; (3) that there was a final judgment on the merits in the previous decision; and (4) that in both suits the plaintiff raises the same cause of action.  *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (*en banc*).  In this case, the first three requirements are undisputed.  *See* Defs'

5

Exh. G (Final Judgment); Shapley Aff. (records custodian for the three Defendants).  As for the final requirement, the Court has not been furnished with the pleadings from state court.  However, the sole relationship between Defendants and Plaintiff centers in this case wholly and exclusively around Note II and events related to its default.  Under the "transactional" test adopted in this Circuit, the fourth and final prong for "same cause of action" is therefore met.  *See Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 313 (5th Cir. 2004) (observing that under the "transactional" test the critical issue for claim preclusion is not the identity of relief requested or the name of the claim asserted, but whether the two actions are based on the same nucleus of operative facts); *Nilsen v. City of Moss Point*, 701 F.2d 556, 560-63 & nn. 4, 5 (1983) (holding that a  judgment in a prior litigation extinguishes a plaintiff's rights to a future claim "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose") (quoting Restatement (Second) of Judgments § 24 (1982)).  Accordingly, Plaintiff is prevented by the doctrine of *res judicata* from pursuing his claims against Defendants here.

Plaintiff's sole remaining potential cause of action is for violation of the Home Equity provision of the Texas Constitution.  *See* Tex. Const. art. XVI, § 50(a)(6).  Plaintiff argues that the state court Judgment was issued not only for foreclosure, but also in terms of a money judgment for Note II's default.  Note II, he argues, has therefore been transformed after the fact into a "personal recourse" loan incompatible with the limitations of a home equity loan.  *See id*.  Plaintiff asserts for that reason that it falls afoul of the Texas Constitution and is subject to the forfeiture provision therein.  *See* Tex. Const. art. XVI, § 50(a)(6)(Q)(x).  The Court does not reach this dubious claim or any of its underlying issues.  In the state court action, Defendants sought the Judgment as rendered.  The question of the validity of Note II under the Texas Constitution is a defense that

6

should have been brought, either in the trial court or on appeal; and if it was brought prior to judgment, it was necessarily rejected. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948). Under the analysis above, this claim too -- to the extent, if any, that it is colorable under Texas law -- is foreclosed.

Although the Court grants Defendants a global summary judgment for all of Plaintiff's claims on the basis of *res judicata*, the award could be based equally on lack of evidence. In Plaintiff's appendix of documents, none except Note II is probative of any issue in the case. Three of Plaintiff's four filed affidavits are neither sworn to be true and correct before a public notary, nor stated to be true and correct under penalty of perjury. *See* Plf's Appx, Exhs. 1, 10, 13; *see also* 28 U.S.C. § 1746. Accordingly, they are not competent summary judgment evidence and were not considered by the Court. *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). Plaintiff's accusations alone cannot sustain a lawsuit. *See Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993) ("[U]nsubstantiated assertions are not competent summary judgment evidence.") (citing Celotex, 477 U.S. at 324). Because Plaintiff has failed to raise a genuine issue of material fact as to any of his claims, summary judgment is therefore proper. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. at 587.

Turning to Defendants' request for summary judgment on their counterclaims, the Court notes that Defendants' request for declaratory judgment was presented as alternative relief to dismissing Plaintiff's claims. It is thus denied. Defendants' claim of fraud is dismissed for lack of evidence, and also under the doctrine of *res judicata* pursuant to the discussion above. Defendants have already been awarded attorney's fees for pursuit of the state court Judgment on the loan contract. Their

request for attorney's fees here is denied.  *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 251 (1975) (stating the American Rule).


IV.  Conclusion

For the reasons given above, Plaintiff's motion for summary judgment is **DENIED**. Defendants' motion for summary judgment is **GRANTED** as to Plaintiff's claims and **DENIED** as to Defendants' claims.  All other motions pending in this case are rendered **MOOT** by this order. A Final Judgment will issue separately.

SO ORDERED.

DATED:  December 5, 2005.



BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS